# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**ALBERT J. ISAAC, et al.,**         }
                                     }
   **Plaintiffs,**              }
                                     }
**v.**                               }     **Case No.: 2:10-CV-143-RDP**
                                     }
**NORTHEAST CREDIT &**               }
**COLLECTIONS, INC., et al.,**       }
                                     }
   **Defendants.**              }

## ORDER

On November 12, 2010, the Magistrate Judge filed his Report and Recommendation in the above-styled cause, recommending that Defendants' Motion to Set Aside Entry of Default (Doc. # 15) be denied (Doc. # 23). On November 29, 2010, Defendants filed their objections to the Magistrate Judge's Report and Recommendation (Doc. # 26). Defendants argue that the Magistrate Judge erred by (1) concluding that Defendants acted willfully and recklessly by not filing a responsive pleading and (2) concluding that setting aside the entry of default would prejudice Plaintiffs.

With respect to the first argument, Defendants note that the Magistrate Judge's determination that Defendants acted willfully and recklessly was largely based on the fact that multiple orders from the court were mailed to Defendants, yet more than six months passed after the entry of default before Defendants filed any responsive pleading. Defendants contend that this is not dispositive because there is no evidence that these subsequent orders reached an authorized decision maker or, alternatively, that Defendants willfully, recklessly, or intentionally disregarded such notices. (Doc. # 26 at 5-6). However, Defendants fail to account for the long recognized presumption that an item

properly mailed was received by the addressee. *See Konst v. Florida East Coast Ry. Co.*, 71 F.3d 850, 851 (11th Cir. 1996).  While is it certainly true that this presumption can be rebutted by evidence that a mailing was not received, Defendants have failed to assert that they did not actually receive the copies of the orders. *Id.* at 851-52.  Defendants do not contest that they were properly served at 245 Main Street, Dickson City, PA 18519 and admit that the Legal Assistant at Commonwealth Financial Systems was notified quickly upon initial receipt of the summons and complaint.  (Doc. 19, Exh. 1).  On at least three occasions after receipt of the summons and complaint the court mailed copies of its orders to Defendants at the very address where service was initially executed. (Docs. # 7, 11, 14).  The record is clear that the subsequent orders were mailed to the correct address.  Because Defendants have not offered any evidence that they did not receive the subsequent orders, the court finds that Defendants did in fact received the orders notifying them of the progress of the litigation.

      The court notes that Defendants have remained silent regarding the procedures they have in place to ensure that all legal documents received via the mail are routed to an appropriate decision maker.  Their silence is not surprising.  Defendants conduct business in the highly regulated and litigious debt collection industry.  As such, it would be, at best, reckless for Defendants not to have such procedures in place in order to ensure that all legal documents received are routed to the appropriate decision maker.  Moreover, Defendants' argument that there is no evidence to show that the orders mailed from the court reached a decision maker is simply off the mark.  Unless the court assumes that Defendants did not have appropriate procedures for directing legal documents to an appropriate official, the only inference that can be drawn here is that Defendants received and ignored the mailing from the court. And even if Defendants did not have an appropriate policy, that would be tantamount to recklessly disregarding the judicial process by not ensuring that

correspondence from a United States District Court was received by a decision maker. Thus, at this point, it is simply of no moment whether (1) the mailings of the court did not make it into the hands of decision makers due to Defendants' reckless disregard or (2) Defendants intentionally ignored mail received from the court. Either finding would indicate that Defendants showed intentional and/or reckless disregard for the judicial proceedings.

Because the court finds that Defendants acted willfully and recklessly in refusing to respond to the ongoing litigation, whether Plaintiffs were prejudiced by Defendants' failure to respond is irrelevant. *See Compania InterAmericana Export-Import, S.A. v. Compania Dominicana,* 88 F.3d 948, 951-52 (11th Cir. 1998) ("[I]f a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief."). However, to the extent that it is necessary to make a determination concerning whether Plaintiffs were prejudiced, the court finds that the delay in filing a responsive pleading did, in fact, prejudice Plaintiffs. Defendants' arguments that there is no prejudice are based on (1) the fact that Plaintiffs were not able to articulate at the hearing any way in which they were prejudiced other than the passage of time, (2) the fact that there is no evidence to indicate that an authorized decision maker received the copies of the orders of the court that were mailed to Defendants, and (3) the number of similar lawsuits filed by Plaintiffs.

The court will address Defendants' arguments in reverse order. First, the number of similar lawsuits filed by Plaintiffs has no bearing on whether Plaintiffs were prejudiced by Defendants delay in filing a responsive pleading. While Defendants are no doubt concerned about how a "cottage industry" of "professional plaintiffs" affects the public interest, the appropriate remedy to the problem would have been to file a timely response to the lawsuit and defend it on its merits.

Second, as discussed above, because Defendants have not offered any evidence that they did not receive mailings from the court, the court finds that those mailings were received by Defendants.

Finally, even though Plaintiffs, appearing *pro se*, were not able to articulate at the hearing how they might be prejudiced if the entry of default were to be set aside, the Magistrate Judge was still correct in his finding that Plaintiffs would be prejudiced.  The Magistrate Judge found that Plaintiffs were prejudiced by the delay in filing the motion to set aside entry of default because in most circumstances this delay would have resulted in an entry of default judgment, which requires a more stringent showing to set aside.  Here, Defendants are entitled to no credit for the fact that a default judgment had not already been entered when Defendants filed their motion to set aside the entry of default.  Rather, it was due to the *pro se* status of Plaintiffs and the fact that the court is required to set this case for a damages hearing.  Defendants do not offer any substantive opposition to the finding that this delay is prejudicial to Plaintiffs.  Further, this court agrees with the Magistrates Judge's finding that "[p]rejudice need not be particularly pronounced to be considered." In this case it is certainly true that Plaintiffs will be able to continue with their case and litigate it on the merits if so required.  However, this fact does not mean that Plaintiff's should have to continue to litigate given the length of time that passed between the entry of default and Defendants' motion to set said default aside and their disregard for the judicial process.

Having now carefully reviewed and considered *de novo* all the materials in the court file, including the Magistrate Judge's Report and Recommendation and the objections filed by Defendants, the court is of the opinion that the Report is due to be and hereby is **ADOPTED**, and the Recommendation is **ACCEPTED**.  Consequently, Defendant's Motion to Set Aside Entry of Default (Doc. # 15) is **DENIED**.

**DONE** and **ORDERED** this _____17th_____ day of December, 2010.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE